UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

AMY NEWKIRK,                                        )
                                                   )
                        Plaintiff,                 )
                                                   )
              v.                                   )     No. 1:25-cv-01850-MPB-MKK
                                                   )
ELEVANCE HEALTH, INC., f/k/a ANTHEM,               )
INC.,                                              )
ANTHEM HEALTH PLANS OF KENTUCKY,                   )
INC.,                                              )
                                                   )
                        Defendants.                )

**ORDER**

This matter comes before the Court on the parties' Motion for Entry of Stipulated Protective Order, Dkt. [72]. The Motion has been referred to the undersigned for ruling.

## I.      Applicable Standard

Under Federal Rule of Civil Procedure 26(c), litigants are permitted to seek protective orders to guard against public disclosure of relevant and discoverable material. Courts have a duty, however, to ensure that all proposed protective orders strike a proper balance between the public's interest in accessing non-confidential information and the parties' interest in maintaining confidentiality with regard to materials unsuited for public disclosure. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).[1] Here, the parties maintain

---

[1] Although pretrial discovery is usually conducted in private, the Seventh Circuit has endorsed a presumption of public access to discovery materials. *See Felling v. Knight*, IP 01–0571–C–T/K, 2001 WL 1782360, *2 (S.D. Ind. Dec. 21, 2001) (citing *Citizens*, 178 F.3d at 945).

that this procedural device is necessary to protect the confidentiality of particularly sensitive information. Before issuing the requested protective order, the Court must independently determine whether "good cause" exists to issue the order. *Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002); *see also Citizens*, 178 F.3d at 944–45; Fed. R. Civ. P. 26(c)(1)(G). A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements. 8A Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2035 (3d ed. 2025). Without this independent determination of good cause, the Court essentially gives the parties *carte blanche* to seal or protect whatever information they desire. *See Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001) (citing *Citizens*, 178 F.3d at 945). When reviewing a proposed protective order this Court must ensure that:

> (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents.

*Pierson*, 205 F.R.D. at 647 (citing *Citizens*, 178 F.3d at 946); *see also Brown v. Auto. Components Holdings, LLC*, No. 1:06–cv–1802–RLY–TAB, 2008 WL 2477588 (S.D. Ind. June 17, 2008).

The Court's evaluation of a proposed protective order need not be made on a document-by-document basis, if the Court is able to determine from the language of the proposed order that the parties know which category of information is

legitimately confidential and that the parties are acting in good faith in deciding which documents should be protected. *Citizens*, 178 F.3d at 946. Using qualifiers such as "private," "confidential," or "proprietary" to describe the protected information, without more description, fails to assure the Court that "the parties will be making good faith and accurate designations of information." *Pierson*, 205 F.R.D. at 647.

## II. Analysis

The parties seek to protect six categories of information:

1. business records of Defendants;
2. protected health information of Plaintiff Amy Newkirk, including portions of Ms. Newkirk's administrative record;
3. protected health information of members of the proposed class, including portions of the proposed class members' administrative records;
4. financial information of Plaintiff and members of the proposed class related to out-of-pocket health care expenses;
5. private contact information for Plaintiff and members of the proposed class;
6. systems, procedures, methodologies, and practices and other non-public information used by Defendants.

(Dkt. 72-1 at 2–3).

The Court finds that there is good cause to **GRANT in part** the parties' proposed protective order. The proposed protective order fails, in part, to satisfy the second prong of the *Pierson* standard.

First, the parties properly define each category as confidential information. The public has no interest in this type of information. Second, the parties have adequately described the scope of some of the documents they seek to protect. Protected health information of Plaintiff Amy Newkirk and members of the

proposed class, including portions of their administrative records, financial information of Plaintiff and members of the proposed class related to out-of-pocket health care expenses, private contact information for Plaintiff and members of the proposed class, and non-public systems, procedures, and methodologies used by Defendants are adequately demarcated. The Court does, however, find that some of the requests to protect are too vague and fail to instill confidence in the Court that the parties will know how to properly designate protected information. These include the following categories: "business records of Defendants" and "practices and other non-public information used by Defendants."

"Discrete closed categories of information must be explicitly delineated to satisfy the Seventh Circuit's requirements for protective orders." *Brown v. Swagway*, No. 3:15–cv–588–JD–MGG, 2017 WL 6816493, at *2 (N.D. Ind. Aug. 17, 2017) (citing *Pierson*, 205 F.R.D. at 647) ("Using qualifiers such as 'private,' 'confidential,' or 'proprietary' to describe the protected information, without more description, fails to assure the Court that the parties know what information will be sealed, 'whether and under what circumstances it may be sealed, or whether the parties will be making good faith and accurate designations of information.'"). Here, the parties' requests to protect "business records of Defendants" and "practices and other non-public information used by Defendants" are "overbroad and defined by general qualifiers . . . to specify the types of protectable information." *See Oesterle-Kleine v. Horizon Bank*, No. 3:20-cv-1047-HAB-MGG, 2022 WL 1618635, at *2 (N.D. Ind. Feb. 23, 2022) (citing *Pierson*, 205 F.R.D. at 647) (finding similar categories to

be overbroad).

Additionally, the parties' use of "non-public," without more description, is insufficient. *See Purvis v. Wal-Mart Stores E., LP*, No. 117-cv-0102-TLS-SLC, 2017 WL 2391193, at *1 (N.D. Ind. June 2, 2017) (stating that if non-public "means only that the information is not available to the general public, it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors.").

Third, the Court believes that parties fully understand the defining elements of "confidential" in this matter and will act in good faith when determining whether a document should be marked as such.

Fourth, if a party disagrees with the other party's designation of documents, the proposed protective order allows the receiving party to challenge the designating party's designations. (Dkt. 72-1 at 6). Additionally, the proposed protective order does not allow either party to seal documents. Instead, the parties must comply with S.D. Ind. L.R. 5–11. (Dkt. 72-1 at 11). Thus, the public's interest in the judicial process is properly protected by the parties' proposed protective order.

Therefore, the Court **GRANTS in part** and **DENIES in part** the parties' Motion for Entry of Stipulated Protective Order, Dkt. [72]. Because "business records of Defendants" and "practices and other non-public information used by Defendants" are too vague, they must be stricken from the proposed protective order. The Court will enter an approved protective order, with this language

stricken, through a separate order.

So **ORDERED**.

Date: 3/23/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email