UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY NEWKIRK, individually and on behalf of similarly situated individuals, | Case No. 1:25-cv-01850-MPB-MKK |
| Plaintiff, | |
| v. | |
| ELEVANCE HEALTH, INC., F/K/A ANTHEM, INC., and ANTHEM HEALTH PLANS OF KENTUCKY, INC. | |
| Defendants. | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Elevance Health, Inc. f/k/a Anthem, Inc. ("**Elevance Health**") and Anthem

Health Plans of Kentucky, Inc. ("**Anthem KY**") (collectively "**Defendants**"), in accordance with

Rule 12(c) of the Federal Rules of Civil Procedure, move for Judgment on the Pleadings on

Plaintiff's Amended Complaint. The grounds for this Motion are set forth in detail in Defendants'

Brief in Support of Motion for Judgment on the Pleadings. As detailed in the supporting Brief,

Judgment on the Pleadings should be granted in favor of Defendants as to each of Plaintiff's

claims asserted under the Employee Retirement Income Security Act of 1974, Pub. L. No. 93-

406, 88 Stat. 829 (codified at 29 U.S.C. § 1001 et seq.) ("**ERISA**") as well as the putative class

action claims.

1.     **First Claim**: ERISA permits a participant to recover only those benefits due

under the Plan and requires courts to enforce the Plan as written. Plaintiff Amy Newkirk

("**Newkirk**") seeks coverage for Zepbound, but the Anthem Gold Blue Access PPO

1500/20%/6000 Plan issued by Anthem KY (the "**Plan**") expressly excludes coverage for "Any

Drug mainly used for weight loss," and Newkirk's own allegations establish that Zepbound is a

weight-loss drug. Because the requested benefit falls within an express exclusion, the First Claim of the Amended Complaint does not plausibly allege an entitlement to benefits under ERISA and should be dismissed. To the extent the First Claim seeks additional equitable relief—including a retrospective injunction requiring reprocessing of claims and equitable tolling of deadlines—that relief is likewise unavailable under Section 502(a)(1)(B), which authorizes enforcement of Plan terms, not judicial modification of them.

2.    **Second Claim:** Newkirk's Second Claim under Section 502(a)(3) impermissibly duplicates her First Claim. ERISA's "catchall" provision cannot be invoked to obtain relief that is already available—or would be available if the claim had merit—under Section 502(a)(1)(B). Because the remedies Newkirk seeks under the Second Claim are the same as those sought under the First Claim, the Second Claim fails as a matter of law on this basis alone. Even if not duplicative, Newkirk's Second Claim fails because ERISA's procedural requirements govern how benefit claims are administered but do not create substantive coverage that a Plan itself does not provide. Where a Plan categorically excludes a benefit, no amount of additional process— whether medical review, formulary exception, or enhanced disclosure—can alter the exclusion's application. Newkirk does not plausibly allege any breach of fiduciary duty because Defendants' denial of Zepbound was a ministerial application of the Plan's express terms, not a discretionary act carrying fiduciary obligations.

3.    **Third Claim:** ERISA authorizes statutory penalties only when a plan administrator fails to provide information that the statute requires be furnished. Elevance Health is not the Plan administrator and therefore cannot be liable under Section 502(c)(1)(B). As to Anthem KY, Newkirk acknowledges receiving the governing Plan documents—including multiple copies of the Certificate of Coverage containing the exclusion language—and her

complete appeal file. She does not plausibly identify any ERISA-required document that was withheld.

4.    **Putative class action (First and Second Claims):** A class action cannot proceed if the claims brought by the class representative are dismissed before class certification. All claims asserted by Newkirk fail as a matter of law. The Court should, therefore, when it dismisses this action against Newkirk, also dismiss the putative class action.

WHEREFORE, Defendants request that this Court grant the Defendants' Motion for Judgment on the Pleadings and dismiss the Amended Complaint, with prejudice.

By:   */s/ Kandi Kilkelly Hidde*

Kandi Kilkelly Hidde, #18033-49
Darren A. Craig, #25534-49
Patricia Román Hass, #29461-46
Amanda L.B. Mulroony, #30051-49
Katherine M. Slisz, #36317-49
FBT GIBBONS LLP
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN  46244-0961
Telephone:    (317) 237-3800
Facsimile:    (317) 237-3900
Email:        khidde@fbtgibbons.com
              dcraig@fbtgibbons.com
              promanhass@fbtgibbons.com
              amulroony@fbtgibbons.com
              kslisz@fbtgibbons.com

Julia B. Hartley, PHV
Nelson Mullins Riley & Scarborough LLP
301 S. College St., 23rd Floor
Charlotte, NC 28202
Telephone:    704-417-3000
Email: Julia.Hartley@nelsonmullins.com

Lucile H. Cohen, PHV
Bradley D. Barringer, PHV
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29204
Telephone:    803-255-9322
Email: Lucie.cohen@nelsonmullins.com
        Brad.barringer@nelsonmullins.com

*Attorneys for Elevance Health, Inc., f/k/a
Anthem, Inc. and Anthem Health Plans of
Kentucky, Inc.*

0131135.0811922   4939-1738-7458v1